## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

MICHAEL MAXIE,                    )
                                  )
Plaintiff,                        )
                                  )
vs.                               ) CAUSE NO. 3:14-CV-2050
                                  )
INDIANA  WORKER'S COMPENSATION)
BOARD,                            )
                                  )
Defendant.                        )


## OPINION AND ORDER

This matter is before the Court on the: (1) complaint filed by Michael Maxie on December 1, 2014 (DE #1); (2) the "Motion to Proceed in Forma Pauperis," filed on December 11, 2014 (DE #1); and (3) a "Petition to Proceed Without Pre-payment of Fees or Costs," filed by Michael Maxie, on January 12, 2015 (DE #4).  For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the requests to proceed in forma pauperis (DE ##3, 4) are **DENIED.**


BACKGROUND

Plaintiff, Michael Maxie, has filed a complaint against the Worker's Compensation Board and the Chairman of the Board, Linda Hamilton ("Hamilton"), alleging violations of both the United

States and Indiana Constitutions, pursuant to 42 U.S.C. 1983.[1] Maxie indicates he is suing Hamilton in both her individual and official capacity. The complaint contains few factual allegations in support of his claims. In the facts section of his complaint, Maxie states verbatim the following:

> On 08/27/12, 10/22/12, and Nov. 29, 2012 the Workers Compensation board set a hearing and the Plaintiff Michael Maxie fail to appear because of his incarceration. Prior to the above schedule hearing date, Plaintiff on April 17, 2012 filed a motion for a telephonic hearing and was not granted, the Workers Compensation Board did not give me a remedy to hear plaintiff claim.

(DE #1 at 3). The remedy Maxie seeks for the alleged violations is a reversal of the Worker's Compensation Board's decision and monetary damages. The complaint was signed on November 29, 2014, but was not filed with the Clerk's Office until December 1, 2014.

DISCUSSION

Under the federal *in forma pauperis* statute, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Maxie asserts that he receives approximately $1,250 per month in income. (DE ## 3, 4). From this sum he is

---

[1] Maxie actually cites 28 U.S.C. § 1983, but this is clearly a typographical error.

obligated to pay $118.74 per week in child support. (DE # 3 at 1).
He has no significant assets. Based on these facts, the Court
finds that Plaintiff's poverty level justifies IFP status. A
litigant need not be totally destitute to qualify for indigent
status under section 1915. *Adkins v. E.I. DuPont de Nemours & Co.,*
335 U.S. 331, 339 (1948). Instead, section 1915 contemplates a
standard of indigence that can be satisfied by persons other than
those living in abject poverty. *Zaun v. Dobbin*, 628 F.2d 990, 992
(7th Cir. 1980).

The inquiry does not end there, however. The Court has an
obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints,
and must dismiss the complaint if it is frivolous or malicious,
fails to state a claim for relief, or seeks monetary relief against
a defendant who is immune from such relief. Dismissal under the *in
forma pauperis* statute is an exercise of the court's discretion.
*Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992). In determining
whether the complaint states a claim, the court applies the same
standard as when addressing a motion to dismiss under Federal Rule
of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d
621, 624 (7th Cir. 2006). To survive dismissal under federal
pleading standards,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim to relief that is
> plausible on its face. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant
> is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Maxie's complaint lists the Indiana Worker's Compensation Board as a Defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Worker's Compensation Board, as well as to the State itself. *Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the Court will dismiss the Indiana Worker's Compensation Board from this action.

This leaves only Maxie's claim against Hamilton in her official and individual capacity. The Eleventh Amendment precludes

actions against such officials for damages in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows*, 854 F.2d at 1069. State officials, in their official capacities, are not "persons" within the meaning of section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). As such, Hamilton, sued in her official capacity, is also dismissed from the action. Maxie has stated no facts in his complaint that would support a claim against Hamilton in her individual capacity.

Additionally, Maxie's claims pursuant to 42 U.S.C. § 1983 appear to be barred by the statute of limitation. Federal district courts must apply the statute of limitations that govern personal injury actions in the state where the injury occurred. *Serino v. Hensley*, 735 F.3d 588 (7th Cir. 2013). As a result, when claims arise in Indiana, they must be brought within two years. *Id*. While Maxie signed his complaint precisely two years from the date he alleges the Worker's Compensation board last set a hearing on his claim, he did not file the complaint until two days later.

There are other problems with Maxie's complaint. This order should not be construed as a complete list of all errors requiring dismissal. Because it is clear that dismissal is appropriate, no further discussion is warranted.

<u>CONCLUSION</u>

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the requests to proceed in forma pauperis (DE ## 3, 4) are **DENIED.**


**DATED: January 28, 2015**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**